HARDY, Judge.
This is an action for damages alleged to have been sustained by the plaintiff as the result of an automobile-train collision. After trial there was judgment in favor of defendant rejecting plaintiff’s demands, from which plaintiff prosecutes this appeal.
The accident occurred at about 1:30 P. M. of November 21, 1949 at a point on State Highway No. 1, Natchitoches Parish, Louisiana, known as the Shamrock grade crossing. Plaintiff was driving in a southerly direction at a speed of about 35 miles per hour and was struck by an ea,stbound local freight train of the defendant, consisting of the locomotive, tender, nine freight cars and a caboose, which train was moving at a speed of approximately 20 miles per hour at the time. There was no obstruction to the view of the highway nor of the railroad track for an appreciable distance. The only eye witnesses to the accident were plaintiff and some of the members of the train crew.
Plaintiff alleged that the sole and proximate cause of the accident was the negligence of the operators of the train in failing to give warning of its approach to the crossing by bell or whistle and in failing to keep a proper lookout. Plaintiff alleged his own freedom from contributory negligence and then, alternatively, charged that, in the event he should be found to have been negligent, the crew of defendant’s train became aware of his perilous situation in ample time to avoid the accident by the use of due care.
Plaintiff has completely failed to prove his charges of negligence as against the operators of the defendant’s train, and, on the contrary, it is established by a vast preponderance of the testimony that the whistle and bell were being sounded for some distance before reaching the crossing, and that members of the crew were keeping a proper lookout. The testimony shows that the approach of plaintiff in his automobile had been observed for some little distance, and it was testified that he appeared to slow down. However this might be, unquestionably the operators of the train and members of the crew had the right to assume that plaintiff would perceive the approach of the train and would bring his automobile to a stop before attempting to make the crossing. Some distance before reaching the crossing plaintiff had passed another automobile but plaintiff himself testified that he did not look in order to observe the possible approach of a train until almost immediately before the impact.
Plaintiff’s failure to hear the warning signals of whistle and bell is explained by the fact that, due to the cold weather and the dusty condition of the road upon which *510 he was traveling, the glasses of his car doors were raised. But there is no explanation, nor indeed excuse, for plaintiff’s failure to perceive the approach of the locomotive, for he had an open and unimpaired view of the track, in the direction from which the train was approaching, for some 150 or 200 feet before reaching the crossing.
Under the clear facts as adduced by the testimony in this case it is evident that plaintiff’s own negligence was the sole and proximate cause of the collision. Under the circumstances which here existed it is clear that the members of the train crew who were observing plaintiff’s approach, had the right to presume that he would bring his automobile to a stop before reaching the crossing. Bordenave v. Texas & N. O. R. Co., La.App., 46 So.2d 525; Wright v. Texas & N. O. Railway Co., La.App., 19 So.2d 894.
The only other issue presented in this case is the question of the applicability of the doctrine of last clear chance or discovered peril. As we observed in Barnes v. Texas & N. O. Ry. Co., La.App., 16 So.2d 600, one of the predicates upon which the application of this doctrine is based rests in the showing that the danger or peril be discovered in time for the use of precautionary measures. Such was clearly not the case in this instance. Plaintiff was not driving at a high rate of speed; there was no impediment to his observation of the approach of the train and, additionally, it is shown that he was a resident of the neighborhood, thoroughly familiar with the crossing, and perhaps for this very reason was somewhat careless in making his observation. In any event he was not in danger or peril, that is a danger or peril that was readily observable, until he came upon very close proximity to the track itself. At this time the locomotive of the train had actually entered upon the crossing. The fireman shouted a warning to the engineer, who immediately made an emergency application of the brakes, which precaution, however, was too late to avoid the accident.
Under the clear facts as established we are of the opinion that the negligence of plaintiff was the sole and proximate cause of the accident; that the members of defendant’s train crew were free of any negligence whatsoever and that the doctrine of discovered peril or last chance is not applicable under the circumstances.
For the reasons assigned the judgment from which appealed is affirmed at appellant’s cost.